UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MARY LINDQUIST, <br> JOHN LINDQUIST, <br>         Plaintiffs, <br>         v. <br> COSTCO WHOLESALE CORPORATION, <br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 3:24-cv-00239-RLY-CSW <br> ) <br> ) <br> ) <br> ) |

**ORDER ON DEFENDANT'S MOTION FOR CORPORATE REPRESENTATIVE TO APPEAR REMOTELY AT SETTLEMENT CONFERENCE**

    This matter comes before the Court on Defendant Costco Wholesale Corporation's *Motion for Leave to Allow Corporate Representative To Attend Settlement Conference Telephonically And/Or Via Zoom* (Dkt. 33). Defendant seeks leave of this Court's settlement conference Order to allow its corporate representative/insurance claim professional to appear telephonically and/or via Zoom. The Court, being duly advised and finding no good cause justifies the request, now **DENIES** Defendant's Motion as more fully explained below.

    Federal Rule of Civil Procedure 16(c) provides that, "[i]f appropriate, the court may require that a party or its representative be present [at conferences] . . . to consider possible settlement." "[The] spirit, intent, and purpose of Rule 16 . . . is broadly remedial, allowing courts to actively manage the preparation of cases for trial. . . Rule 16 is not designed as a device to restrict or limit the authority of the district [court] in the conduct of pretrial conferences," and the district court holds the "inherent authority to preserve the efficiency . . . of the judicial process." *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 652 (7th Cir. 1989) (applying the 1987 version of Rule 16) (internal quotations omitted).

    The 1993 Amendment to Rule 16(c) codified what the Seventh Circuit had long ago held: the district court holds the power to "direct that . . . a responsible

representative of the parties be present," recognizing that, "depend[ing] on the circumstances," the representative could be "an officer of a corporate party." Fed. R. Civ. P. 16(c) advisory committee's note to 1993 amendment.

While the above authorities hold that the Court may direct certain individuals to attend a settlement conference – even the officers of the corporate party – the Court's Order at issue here does not mandate any certain individual or corporate officer to attend the settlement conference. *See* (Dkt. 32). However, the Order does mandate that Defendant attend the in-person settlement conference with a client representative of its choice who has "complete authority to negotiate and communicate a settlement." *Id.*

Defendant informs the Court that its corporate representative is located outside of the state of Indiana and requests leave of the Order to permit her to attend remotely. (Dkt. 33). No other justification for the remote attendance is provided.

That the corporate representative is located outside the state of Indiana does not alone constitute good cause for leave of the in-person requirement. All proceedings in this matter to date have been conducted by telephone. A settlement conference, however, requires full engagement and participation by all counsel and parties. To facilitate those goals, the Court's Order requires attendance in-person. Therefore, Defendant's motion is hereby **DENIED**.

**SO ORDERED.**

Date: October 15, 2025

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**